IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMEEL SHAKIR-BEY a/k/a Elwood Teagle, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 05-825-GMS ) |
| LT. THOMAS SEACORD, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff Jameel Shakir-Bey ("Shakir-Bey"), a prisoner incarcerated at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

**I.    THE COMPLAINT**

Shakir-Bey alleges that on July 27, 2005, he was written up and sent to maximum screening housing without a hearing from the adjustment board. When a hearing was held on September 20, 2005, Shakir-Bey was found "not guilty". Shakir-Bey alleges that defendants Lt. Thomas J. Seacord ("Lt. Seacord") and Counselor Thomas Zanda ("Zanda") told him that he had been classified as medium-high. However, on November 9, 2005, Shakir-Bey was transferred to maximum housing, not to medium-high housing. He alleges "this is the doing" of Lt. Seacord and defendant Evelyn Stevenson ("Stevenson"). Shakir-Bey seeks compensatory damages for pain and suffering and a transfer to a medium-high security building.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

In essence, Shakir-Bey alleges a violation of his right to due process because he was: (1) transferred from medium-high housing to maximum security housing without a hearing; (2) he was found "not guilty" of charges brought against him; and (3) he was told he was classified as medium-high, but nonetheless was placed in maximum security housing.

In reviewing an alleged due process violation, it must be determined whether the alleged violation implicates a constitutionally protected property or liberty interest. *See Sandin v.*

*Conner*, 515 U.S. 472 (1995). "Liberty interests protected by the Fourteenth Amendment may arise from two sources-the Due Process Clause itself and the laws of the States." *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). In a prison setting, states may create protected liberty interests. These interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484 (internal citations omitted). Notably, neither Delaware law nor DCC regulations create a liberty interest in a prisoner's classification within an institution. *See* Del. Code Ann 11, § 6529(e). Moreover, "'[a]s long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt*, 459 U.S. at 468 (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)).

It has thus been determined that the transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468 (citation omitted); *Moody v. Daggett*, 429 U.S. 78 (1976 ); *see also Lott v. Arroyo,* 785 F.Supp. 508, 509 (E.D.Pa. 1991) (plaintiff transferred from group home to correctional facility had no constitutionally enforceable right to participate in work release program); *Brown v. Cunningham,* 730 F.Supp. 612 (D.Del.1990) (plaintiff's transfer from general population to administrative segregation, without being given notice and opportunity to challenge it, was not violation of plaintiff's liberty interest). As Shakir-Bey notes, a transfer to maximum housing results in

3

greater "lock-down" time than in other housing assignments. Regardless, the transfer from one classification to another did not violate Shakir-Bey's due process rights. Accordingly, the decision to place Shakir-Bey in maximum security housing cannot be viewed as falling outside the scope of "the sentence imposed upon him [or] otherwise violative of the Constitution."

Shakir-Bey cannot state a claim a claim for violation of a liberty interest created by the Due Process Clause or State law. His due process claim has no arguable basis in law or in fact and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.    APPOINTMENT OF COUNSEL

In a December 12, 2005, letter to the court, Shakir-Bey asks for appointment of counsel. (D.I. 3.) Shakir-Bey, as a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel. *See Ray Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). It is within this court's discretion to appoint plaintiff an attorney, but only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

In the present case the court has determined that Shakir-Bey's claim has no arguable merit in law. Therefore, his motion for appointment of counsel is denied.

## V. CONCLUSION

For the above stated reasons the court finds that the complaint is legally frivolous and that dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 31st, 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMEEL SHAKIR-BEY a/k/a Elwood Teagle, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civ. No. 05-825-GMS ) |
| LT. THOMAS SEACORD, et al., | ) ) |
| Defendants. | ) ) |

## ORDER

At Wilmington this 31st day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1. Shakir-Bey's motion for appointment of counsel (D.I. 3) is DENIED.

2. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as legally frivolous. Amendment of the complaint would be futile.

UNITED STATES DISTRICT JUDGE